IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

JAMIE HAWLEY                            §

VS.                                     §          CIVIL ACTION NO. 1:21cv479

RAY M. MOORE, ET AL.                    §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Jamie Hawley, an inmate confined at the Mansfield Facility in Mansfield, Ohio, proceeding

*pro se*, filed the above-styled lawsuit against Ray M. Moore, Floyd A. Landrey and Ethan L. Shaw.

This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636.

Standard of Review

A complaint filed by a prisoner be dismissed pursuant to 28 U.S.C. § 1915A if it:  (1) is

frivolous, malicious or fails to state a claim upon which relief may be granted or (2) seeks monetary

relief from a defendant immune from such relief.

The Supreme Court has considered when a complaint is frivolous.  In *Neitzke v. Williams,*

490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does both factual allegations

and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact."  The Court

went on to say that a claim is legally frivolous under Section 1915 when it is based on "an

indisputably meritless legal theory." *Id.* at 327.

A complaint may be dismissed for failure to state a claim if it appears beyond doubt that a

plaintiff can prove no set of facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41

(1957).  In considering whether to dismiss a complaint for failing to state a claim upon which relief

may be granted, all factual allegations in the complaint must be taken as true and construed

favorably to the plaintiff.  *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993).

Analysis

The defendants are attorneys.  Plaintiff alleges that in 1990, the defendants stole his share of an insurance settlement.  He states the defendants represented the class in a class action lawsuit and that he was a member of the class.  For the reasons set forth below, plaintiff's claims are barred by the applicable statute of limitations.

A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a litigant to seek a judicial remedy.  *TIG Insurance Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008). "To comply with the statute of limitations, a plaintiff must file a lawsuit . . . within the limitations period."  *Ortega v. Young Again Prod., Inc.*, 548 F. App'x 108, 113 (5th Cir. 2013).

Under Texas law, a civil cause of action for theft is subject to a two-year limitations period. *La Porte Construction Co. v. Bayshore National Bank of La Porte, Texas*, 805 F.2d 1254, 1256 (5th Cir. 1986).  Plaintiff complains of events which occurred more than 30 years ago.  As a result, plaintiff's claim is barred by the applicable statute of limitations.  This lawsuit should therefore be dismissed for failure to state a claim upon which relief may be granted.

Recommendation

This lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after

being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district

judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th

Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*,

79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).


SIGNED this 30th day of March, 2022.


_____

Zack Hawthorn
United States Magistrate Judge